IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS											CRIMINAL NO. 1:09cr39WJG-JMR

JOSE CHACON-POSADA

O R D E R

THIS CAUSE is before the Court on the *in limine* motion [15] of the Defendant Jose Chacon-Posada to preclude the introduction of certain evidence by the United States of America [United States]. Chacon-Posada seeks to keep an incident which occurred on September 20, 2005, in Childress, Texas out of evidence. (Ct. R., Doc. 15, p. 1.) Chacon-Posada was driving for a passenger transport company called Recondor Tours, Inc., when he was stopped for a traffic infraction. (*Id.*; Ct. R., Doc. 16-3, p. 1.) All fifteen passengers in the van were determined to be in the United States illegally. (*Id.*) Defendant contends that this information should be excluded because there is no evidence of a criminal offense resulting from the incident; he was employed by a different company at the time of the 2005 incident; and the probative value of the information concerning the 2005 incident is outweighed by undue prejudice. (Ct. R., Doc. 15, pp. 2-3.)

The United States contends that the information is relevant to the current charges in the matter currently set for trial, and tends to show that the circumstances surrounding this case do not involve mistake or accident on the part of Chacon-Posada. (Ct. R. Doc. 16, pp. 4-5.) The

United States also argues that any concern about the possible prejudicial effect of the introduction of the prior incident could be cured with a cautionary instruction. (*Id*., p. 6.)

Extrinsic offense evidence is not admissible to prove a defendant's bad character and action in conformity with that type of character. It may be introduced ,however, to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* FED. R. EVID. 404(b). Such evidence can also be used to show Chacon-Posada's knowledge and state of mind in similar situations. *United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998); *United States v. Robles-Vertiz*, 155 F.3d 725, 730 (5th Cir. 1998). A cautionary instruction to the jury can be utilized to clarify the jury's consideration of this evidence. The Court concludes that the *in limine* motion to exclude evidence of a prior incident involving Chacon-Posada driving a passenger van which contained illegal aliens should be denied. It is therefore,

ORDERED that the *in limine* motion [15] to exclude certain evidence be, and is hereby, denied.

SO ORDERED AND ADJUDGED, this the 16th day of August, 2009.

                                            *Walter J. Gex III*
                                UNITED STATES SENIOR DISTRICT JUDGE